**DAVIS APPAREL, Appellant,**

v.

**GALE–SOBEL, A DIVISION OF ANGELICA CORPORATION,**
**Appellee.**

No. 11–02–00213–CV.

Court of Appeals of Texas, Eastland.

June 18, 2003.

David B. Miller, Bell, Nunnally & Martin, Dallas, for appellant.

Barry L. Hardin, Mark Goodman, Kristi Myers, David, Goodman & Madole, Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

W.G. ARNOT, III, Chief Justice.

Gale–Sobel, a division of Angelica Corporation (Gale–Sobel), contracted to provide uniforms and related services to the Dallas Area Rapid Transit Authority (DART) from 1994 to 1997. Gale–Sobel entered into a subcontractor agreement with Davis Apparel whereby Davis Apparel agreed to provide various warehousing,

distribution, and other services in support of Gale–Sobel's contract with DART. The parties executed various documents in contemplation of Gale–Sobel's bidding efforts for the contract with DART. However, the parties did not execute a written contract which fully reflected the terms of their agreement. Soon after Gale–Sobel and Davis Apparel began fulfilling the contract with DART in January 1994, a dispute arose as to the amount of commissions Davis Apparel was entitled to receive for its services. Davis Apparel asserted that it was entitled to receive a commission of 20 percent based on a document executed during the DART bidding process. However, Gale–Sobel only paid Davis Apparel a commission of 15 percent. The parties continued to jointly fulfill the DART contract until May 1997 without resolving the dispute over the amount of commissions owed to Davis Apparel.

Davis Apparel filed suit against Gale–Sobel on December 1, 2000, seeking to recover over $58,000.00 for the additional 5 percent commission. In addition to denying the existence of an agreement to pay Davis Apparel a commission of 20 percent, Gale–Sobel asserted a limitations defense to Davis Apparel's claim. The jury agreed with Davis Apparel's contention that Gale–Sobel agreed to pay a 20 percent commission and awarded Davis Apparel damages of $28,467.68. With respect to Gale–Sobel's limitations defense, the jury was asked the following question: "What is the earliest date Gale–Sobel failed to comply?" The jury responded to this inquiry with the date of March 4, 1994. The trial court entered a take-nothing judgment against Davis Apparel based on the jury's answer to this limitations question.

Davis Apparel raises six issues on appeal. The first four issues challenge the sufficiency of the evidence supporting the jury's response to the limitations question. The final two issues attack the sufficiency of the evidence supporting the jury's damage finding. We affirm in part and reverse and remand in part.

■ Limitations is an affirmative defense that must be specifically pleaded and proved. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.). TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002) requires that a cause of action for breach of contract be brought within four years "after the day the cause of action accrues." A party asserting limitations must not only establish the applicability of the limitations statute, but must, as well, prove when the opponent's cause of action accrued in order to demonstrate the bar of limitations. *Intermedics, Inc. v. Grady*, supra at 845. The jury question at issue seeks to determine when Davis Apparel's cause of action accrued.

■ Davis Apparel argues in its fourth issue that there was no evidence to support the jury's answer to the limitations question.[1] An appellate court will sustain a no-evidence point of error when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the only evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Uniroyal Goodrich Tire Company v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998). Any evidence that is of proba-

---

1. Davis Apparel asserts in its first issue that the evidence conclusively established that the cause of action accrued in May 1997. We address this contention in our consideration of Davis Apparel's "no-evidence" issue.

tive value and that is more than a scintilla is legally sufficient to uphold the jury's finding. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996); *Burroughs Wellcome Company v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994).

■ Davis Apparel's second and third issues attack the factual sufficiency of the evidence supporting the jury's answer to the limitations question. In order to determine if the evidence is factually sufficient, we must review all of the evidence and determine whether the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ A cause of action for breach of contract is generally regarded as accruing when the contract is breached or when the claimant has notice of facts sufficient to place him on notice of the breach. *Slusser v. Union Bankers Insurance Company*, 72 S.W.3d 713, 717 (Tex.App.-Eastland 2002, no pet'n). If the parties' agreement contemplates a continuing contract for performance, the limitations period does not usually commence until the contract is fully performed. *Intermedics, Inc. v. Grady*, supra at 845. However, where the terms of an agreement call for fixed, periodic payments, a separate cause of action arises for each missed payment. *Slusser v. Union Bankers Insurance Company*, supra at 717. The limitations question submitted to the jury in this case essentially asked the jury to decide whether or not the parties' agreement constituted a continu-

ing contract. Davis Apparel argued that the agreement was a continuing contract that was not breached until the agreement's expiration in May 1997. Gale–Sobel disagreed with this assertion by arguing that, if the parties' agreement had been breached, the breach had occurred since the outset of the agreement.

■ Our review of the record indicates both legally and factually sufficient evidence supporting the jury's answer of March 4, 1994, with respect to the earliest date that Gale–Sobel failed to comply with the parties' agreement. Davis Apparel began work in support of Gale–Sobel's contract with DART in January 1994. Gale–Sobel made payments of commissions to Davis Apparel on a monthly basis at the inception of the contract. Connie Davis, the principal of Davis Apparel, testified that she felt she was entitled to receive a commission of 20 percent at the outset of the contract. She made several oral and written demands to Gale–Sobel prior to May 1997 demanding the full payment of commissions. With respect to the jury's selection of a date in March 1994, there was evidence that Gale–Sobel forwarded a written contract to Davis Apparel in early 1994 which provided for a commission of 15 percent. Connie Davis marked through the provision for a 15 percent commission and entered a commission of 20 percent in its place. Connie Davis also entered the date of "March 1, 1994" as the effective date on the document and returned it to Gale–Sobel. Accordingly, Davis Apparel's first, second, third, and fourth appellate issues attacking the evidence supporting the jury's answer to the limitations question are overruled. We do not reach Davis Apparel's fifth and six appellate issues concerning the jury's damage award in light of our holding on the limitations question.

We note that Davis Apparel's brief contains an alternative argument pertaining to the trial court's ruling on the limitations issue which is not expressly stated in its appellate issues. We are permitted to consider this argument under the liberal rules of construction applicable to briefs. See TEX.R.APP.P. 38.9. Davis Apparel asserts that the jury's answer to the limitations question does not support a judgment denying its claims for damages for the entire term of the contract. Specifically, Davis Apparel argues that, irrespective of the jury's determination of when the earliest breach of the contract occurred, limitations should not bar claims for damages arising after December 1, 1996.[2] The evidence in the record demonstrates that the parties treated their agreement as an installment contract whereby Gale–Sobel made monthly payments of commissions to Davis Apparel. As we noted in *Slusser*, a separate cause of action arises for each missed payment under an installment contract. *Slusser v. Union Bankers Insurance Company*, supra at 717. Accordingly, Davis Apparel's claims for damages arising after December 1, 1996, were not barred by limitations.

The trial court's judgment is affirmed with respect to Davis Apparel's claims arising from deficient commission payments made by Gale–Sobel prior to December 1, 1996. The trial court's judgment regarding deficient commission payments made by Gale–Sobel after December 1, 1996, is reversed and remanded for trial. Since Gale–Sobel contested liability in the trial court, the issues of liability and damages for payments made after December 1, 1996, are remanded for a new trial pursuant to TEX.

R.APP.P. 44.1(b). *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex.2001).

---

**2.** Davis Apparel presented this complaint to the trial court in a motion to modify the judgment.