Helen **PRINGLE,** Independent Executrix of the Estate of Brantley Pringle, Deceased, Appellant,

v.

Toby **MOON,** Appellee.

No. 2–04–012–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 2005.

Wright & Greenhill, P.C., Brantley Ross Pringle Jr., Austin, for Appellant.

Dan Stroup, P.C., Dan Stroup, Longview, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

In this personal injury case, Helen Pringle, as independent executrix of the estate of Brantley Pringle, appeals from a judgment for Toby Moon. In two issues, Helen contends that the trial court erred in applying the wrong prejudgment interest rate and in calculating prejudgment interest on the damages found by the jury rather than on the judgment amount. We

will reverse the part of the judgment relating to prejudgment interest and remand to the trial court to recalculate prejudgment interest in accordance with this opinion.

On July 18, 2000, Brantley was driving in Parker County when he came upon a construction zone where Moon was working with tree removal equipment. Brantley's car struck a piece of equipment, which pushed Moon into another piece of equipment and caused him to sustain injuries. Because Moon sustained his injuries in the course and scope of his employment, he sought and received workers' compensation insurance benefits totaling $39,430.69 from Texas Mutual Insurance Company (Texas Mutual). Brantley filed suit against Moon, and Moon counterclaimed.

Before trial, Texas Mutual asserted a right to recovery of benefits paid to Moon. Brantley's liability insurance carrier, GEICO, then entered into an agreement with Texas Mutual whereby, in exchange for GEICO's cash payment, Texas Mutual assigned to GEICO Texas Mutual's right to recovery of the statutory workers' compensation lien in the amount of $39,430.69. GEICO then assigned to Brantley the subrogation recovery interest Texas Mutual had previously assigned to GEICO.

The case was tried to a jury in Parker County in June 2003. At the conclusion of the evidence, the jury returned a verdict finding Brantley negligent and liable to Moon for $44,243.06. The trial court rendered judgment on the verdict on July 7, 2003. Thereafter, Brantley filed a motion to modify the judgment because it did not reflect the amount of his workers' compensation lien. On August 20, 2003, the trial court granted Brantley's motion and vacated the July 7 judgment.

Brantley died suddenly on September 2, 2003. Helen, as independent executrix of Brantley's estate, was substituted as a party on October 24, 2003.

The trial court rendered a final judgment on October 30, 2003, allowing the credit for Brantley's workers' compensation lien and calculating prejudgment interest at the rate of ten percent per annum on the entire amount of damages found by the jury. Helen filed a motion to modify both the interest rate and the interest calculation in the judgment, which was overruled by operation of law. This appeal followed.

■ In her first issue, Helen contends that the trial court erred in applying the wrong prejudgment interest rate to the damages award. Helen argues that the correct prejudgment interest rate was the greater of five percent or the prime interest rate in effect when the final judgment was signed. Moon contends that the final judgment was signed July 7, 2003, that the October 30 judgment was merely a judgment nunc pro tunc, and that the trial court properly determined that the applicable interest rate is ten percent.

The prejudgment interest rate is controlled by statute. *See* Tex. Fin.Code Ann. §§ 304.003, 304.103 (Vernon Supp.2004–05). Because statutory construction is a question of law, we review the trial court's decision de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002); *Town of Flower Mound v. Stafford Estates, L.P.*, 71 S.W.3d 18, 26 (Tex.App.-Fort Worth 2002, no pet.). Under a de novo standard of review, the reviewing court exercises its own judgment and redetermines each legal issue. *Subaru of Am., Inc. v. David McDavid Nissan Inc.*, 84 S.W.3d 212, 222 (Tex.2002); *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex.1998).

A judgment in a personal injury case earns prejudgment interest. Tex. Fin. Code Ann. § 304.102 (Vernon Supp.2004–05). The prejudgment interest rate is

equal to the postjudgment rate applicable at the time of judgment. *Id.* § 304.103. During the regular 2003 legislative session, the legislature passed House Bills 4 and 2415, both of which contained nearly identical amendments to the finance code that effectively reduced the postjudgment interest rate from ten to five percent.[1] Both bills provided that the new interest rate would apply in a case in which a final judgment was "signed or subject to appeal on or after the effective date of this Act." Tex. H.B. 2415, § 2(a), 78th Leg., R.S., 2003 Tex. Gen. Laws 2096, 2097; Tex. H.B. 4, § 6.04, 78th Leg., R.S., 2003 Tex. Gen. Laws 847, 862. Because House Bill 4 went into effect on September 1, 2003, H.B. 4, § 23.02, 2003 Tex. Gen. Laws 847, 898, its prejudgment interest rate applies in any case in which a final judgment was signed or subject to appeal on or after September 1, 2003.[2] *Burke v. Union Pac. Res. Co.,* 138 S.W.3d 46, 74 (Tex.App.-Texarkana 2004, no pet.); *see also Columbia Med. Ctr. of Las Colinas v. Bush,* 122 S.W.3d 835, 865 (Tex.App.-Fort Worth 2003, no pet.) (holding that judgment is "subject to appeal" when it fully and finally disposes of all parties and is therefore capable of being appealed).

The final judgment in this case was signed October 30, 2003. Moon's argument that the October 30 judgment was nunc pro tunc and therefore related back to the July 7 judgment is not supported by the record. The trial court expressly vacated the July 7 judgment in its order granting Pringle's motion to modify and at a later hearing twice acknowledged setting aside that judgment.[3]

A judgment that has been vacated has no legal effect. *Shelby Operating Co. v. City of Waskom,* 964 S.W.2d 75, 80 (Tex.App.-Texarkana 1997, pet. denied). When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. *Ferguson v. Naylor,* 860 S.W.2d 123, 127 (Tex.App.-Amarillo 1993, writ denied); *Sawyer v. Donley County Hosp. Dist.,* 513 S.W.2d 106, 109 (Tex.Civ.

---

1. The legislation provided, in pertinent part:

   "The postjudgment interest rate is: (1) the prime rate as published by the Federal Reserve Bank of New York on the date of computation; (2) five percent a year if the prime rate as published by the Federal Reserve Bank of New York as described by Subdivision (1) is less that five percent; or (3) 15 percent a year if the prime rate as published by the Federal Reserve Bank of New York described by Subdivision (1) is more than 15 percent." Act of June 20, 2003, 78th Leg., R.S., ch. 676, § 1, 2003 Tex. Gen. Laws 2096, 2097; Act of June 2, 2003, 78th Leg., R.S., art. 6, § 6.01, 2003 Tex. Gen. Laws 847, 862 (both codified at Tex. Fin.Code Ann. § 304.003(c)).

2. We note that the five percent prejudgment interest rate actually went into effect on June 20, 2003 by virtue of House Bill 2415. *See* Tex. H.B. 2415, § 2(b), 78th Leg., R.S., Tex. Gen. Laws 2096, 2097 (providing that House Bill 2415 took effect immediately if it received a two-thirds vote of all the members elected to each house, which it did on June 20, 2003); *Tesfa v. Stewart,* 135 S.W.3d 272, 279 (Tex. App.-Fort Worth 2004, pet. denied) (noting that amendments to finance code interest rate were effective on both June 20 and September 1, 2003). Because Pringle did not raise this argument below, however, we cannot reverse the trial court on this ground. *See Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997); *Rogers v. Stell,* 835 S.W.2d 100, 101 (Tex.1992).

3. At a hearing on October 6, 2003 the court made the following statements:

   [THE COURT]: The parties are incorrect, in that Mr. Pringle is deceased, was killed in a car wreck following the actual date of the jury verdict, and following the date *I set aside the original final judgment.* [Emphasis supplied.]

   . . . .

   [THE COURT]: The Court's response to that is I signed a judgment in this case before the death of Mr. Pringle even though *I did set it aside.* [Emphasis supplied.]

App.-Amarillo 1974, no writ). Therefore, despite the trial court's statement of its intention that the October 30 judgment would relate back to the July 7 judgment, the October 30 judgment could not relate back because the July 7 judgment no longer existed.

Because the final judgment in this case was signed and became subject to appeal after September 1, 2003, the trial court erred in applying a prejudgment interest rate of ten percent instead of five percent. We sustain Helen's first issue.

■ In her second issue, Helen contends that the trial court improperly calculated prejudgment interest on the entire amount of damages found by the jury rather than the amount awarded to Moon after the credit for Brantley's workers' compensation lien. Helen argues that the trial court should have deducted the amount of Brantley's workers' compensation lien from the total damages before calculating prejudgment interest. Moon contends that the trial court correctly calculated prejudgment interest on the full amount of damages found by the jury.[4]

■ Because the calculation of prejudgment interest is a question of law, *Travelers Ins. Co. v. Wilson*, 28 S.W.3d 42, 47 (Tex.App.-Texarkana 2000, no pet.); *Morgan v. Ebby Halliday Real Estate, Inc.*, 873 S.W.2d 385, 391 (Tex.App.-Fort Worth 1993, no writ); *Strickland v. Coleman*, 824 S.W.2d 188, 192–93 (Tex.App.-Houston [1 Dist.] 1991, no writ), we will review the issue de novo, *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Town of Flower Mound*, 71 S.W.3d at 26.

■ Prejudgment interest is compensation allowed by law as "additional damages for lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998). Prejudgment interest is calculated on the judgment amount, not the amount of damages awarded by the jury. *C & H Nationwide, Inc. v. Thompson*, 810 S.W.2d 259, 275 (Tex.App.-Houston [1st Dist.] 1991), *aff'd in part and rev'd in part on other grounds*, 903 S.W.2d 315 (Tex. 1994); *Owens–Corning Fiberglas Corp. v. Schmidt*, 935 S.W.2d 520, 524 (Tex.App.-Beaumont 1996, writ denied). Any credits or offsets due a defendant should be deducted from the total damages awarded before—not after—prejudgment interest is calculated. *Roberts v. Grande*, 868 S.W.2d 956, 960 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Berry Prop. Mgt., Inc. v. Bliskey*, 850 S.W.2d 644, 671 (Tex.App.-Corpus Christi 1993, writ dism'd by agr.); *Sisters of Charity of Incarnate Word v. Dunsmoor*, 832 S.W.2d 112, 118 (Tex.App.-Austin 1992, writ denied).

The trial court erred in failing to deduct the amount of Brantley's workers' compensation credit before it calculated prejudgment interest. Prejudgment interest should have been calculated on the sum of $4,812.37, which is the amount of the damages award less the offsetting credit for the workers' compensation lien. We sustain Helen's second issue.

4. The case Moon cites to support his position, *Brandon v. American Sterilizer Co.*, 880 S.W.2d 488 (Tex.App.-Austin 1994, no writ), is inapposite because it does not address the issue before us. The prejudgment issues in *American Sterilizer* involved the award of prejudgment interest for the time between the return of the verdict and the rendering of the judgment and the right of a workers' compensation lien assignee to receive credit for the full amount of the lien. *See id.* at 494–95.

Having sustained both of Helen's issues, we reverse the part of the judgment awarding prejudgment interest and remand to the trial court to recalculate prejudgment interest in accordance with this opinion.