11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Janice
Amanda Hayhoe

Appellant

Vs.                   No. 11-03-00316-CV -- Appeal
from Ector County 

Rick
Henegar

Appellee

 

In a lawsuit arising out of an automobile
accident, the jury found Janice Amanda Hayhoe liable for negligence.  We modify and affirm.

On May 31, 1999, Rick Henegar was driving a truck
in Sweetwater.  While he was stopped at a
red light, he was struck from behind by appellant.  Immediately after the accident, EMS
transported Henegar to the hospital emergency room, where he complained of back
pain.  On June 2, 1999, Henegar sought
medical treatment with a chiropractor, Dr. Bobby Mal Hollander.  Dr. Hollander diagnosed Henegar with a herniated
disc in his back.  Surgery was eventually
required.  Henegar subsequently sued
appellant for negligence, alleging that the collision was the proximate cause
of his back injury.  After a jury trial,
Henegar was awarded $86,491.91 in damages, including the costs associated with
the surgery.

Appellant argues four issues on appeal.  In her first issue, appellant asserts that
the trial court abused its discretion in admitting the report and testimony of
Dr. Hollander, the chiropractor who initially treated Henegar for his back
pain.  In her second issue, appellant
asserts that the evidence was legally and factually insufficient to support the
jury’s award of damages for past medical expenses.  In her third issue, appellant asserts that
the jury charge impermissibly included damage elements that were not supported
by competent evidence of causation.  In
her fourth issue, appellant argues that the trial court erred in not
calculating prejudgment and postjudgment interest at a rate of 5 percent.    








In her first issue on appeal, appellant asserts
that Dr. Hollander was not qualified to give an expert opinion on what caused
Henegar=s need
for surgery; therefore, the trial court abused its discretion in admitting his
report and testimony.  We disagree. 

The decision as to whether an expert witness is
qualified to testify is a matter committed to the trial court’s
discretion.  United Blood Services v.
Longoria, 938 S.W.2d 29, 30 (Tex.1997). 
The trial court abuses its discretion if it “acted without reference to
any guiding rules or principles.”  E.I.
du Pont de Nemours and Company, Inc. v. Robinson, 923 S.W.2d 549, 558
(Tex.1995).  The offering party bears the
burden of establishing that the witness is qualified as an expert.  Broders v. Heise, 924 S.W.2d 148, 151
(Tex.1996).

We conclude that Dr. Hollander was qualified to
testify about what caused the need for Henegar’s back surgery.  Although he was not a surgeon, Dr. Hollander
testified that he had been a chiropractor for 20 years.  He graduated in 1983 with a Doctorate in
Chiropractic Medicine from the Texas Chiropractic College in Pasadena.  There, he studied anatomy, physiology, and
pathology.  He also served as a professor
at the Texas Chiropractic College.  Dr.
Hollander further testified that he was familiar with the anatomy and conditions
of the spine.

In diagnosing Henegar with a herniated disc, Dr.
Hollander performed a series of physical, orthopedic, and range-of-motion
tests.  In forming his opinion that the
automobile collision caused the herniated disc, Dr. Hollander relied not only
on his 20 years of chiropractic experience, but also on postgraduate work in
physics and dynamics, in addition to the patient information and history
provided by Henegar during their initial consultation.  In Dr. Hollander’s practice, he has treated
other patients with herniated discs,  and
he testified that a herniated disc is often referred to a surgeon for actual
surgery.

Because of Dr. Hollander’s extensive experience
with chiropractic medicine in general and herniated discs in particular, we do
not believe that the trial court abused its discretion in finding that Dr.
Hollander was qualified to testify that the car collision caused Henegar’s back
injury and that the back injury required surgery.  We overrule appellant’s first issue on
appeal.                        In her second issue on appeal, appellant asserts that the
evidence was legally and factually insufficient to support the jury’s award of
damages for past medical expenses. However, appellant disputes the sufficiency
of evidence for only one element of Henegar’s total damages, the cost of
surgery and the hospital charges related to the surgery.  Appellant’s argument for both her legal and
factual sufficiency points is that there was no competent causation evidence to
establish that the surgery was a result of the car accident.  We disagree.

To address a “legal sufficiency” or “no evidence”
challenge, the appellate court must consider only the evidence and inferences
that tend to support the finding, disregarding any evidence or inferences to
the contrary.  Southwest Key Program,
Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex.2002); Cannon v. Sun-Key Oil
Co., Inc., 117 S.W.3d 416, 419 (Tex.App. - Eastland 2003, pet’n den’d).  An appellate court will sustain a no-evidence
issue when:  (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the only evidence offered to prove a vital fact is no more
than a mere scintilla; or (4) the evidence establishes conclusively the
opposite of a vital fact.  Cannon v .
Sun-Key Oil Co., Inc., supra. 
In order to determine if the evidence is factually sufficient, we must
review all of the evidence and determine whether the challenged finding is so
against the great weight and preponderance of the evidence as to be manifestly
unjust.  Dow Chemical Co. v. Francis,
46 S.W.3d 237, 242 (Tex.2001); Davis Apparel v. Gale-Sobel, A Division of
Angelica Corporation, 117 S.W.3d 15, 18 (Tex.App. - Eastland 2003, no pet’n).

Henegar submitted into evidence a report by Dr.
Hollander explaining Henegar’s history, back injury, and subsequent
treatment.  In the report, Dr. Hollander
concludes that “the surgical intervention entered into by Dr. Ramsey was the
sole result of [the] motor vehicle accident that [Henegar] had been involved
with.”  Dr. Hollander also testified
during trial that, based on his education, training, and experience diagnosing
herniated discs, the condition operated on was a result of the accident on May
31, 1999.  Because of Dr. Hollander=s 20 years of chiropractic experience,
his opinion is legally sufficient, competent evidence of causation.  








Dr. Hollander’s report and testimony also
constitute factually sufficient evidence of causation.  In reviewing all of the evidence, we find
that Dr. Hollander’s report and testimony are not so against the great weight
and preponderance of the evidence as to be manifestly unjust.  Appellant did not present any evidence
refuting Dr. Hollander’s report or testimony. 
Appellant did present some evidence suggesting that Henegar suffered
from back problems prior to the accident, but she presented no evidence tending
to prove that these prior back problems were the actual cause of Henegar’s
surgery.  This is not enough for us to
conclude that the jury reached a manifestly unjust decision.  We overrule appellant=s
second issue on appeal.

In her third issue on appeal, appellant asserts
that the trial court improperly submitted a jury question that mixed damages
for past chiropractic care with damages for the surgery.  Appellant contends that there was some
competent evidence of causation for past chiropractic care, but no competent
evidence of causation for the surgery. 
As with her second issue on appeal, appellant’s argument relies on the
assumption that Dr. Hollander’s testimony was not competent evidence of
causation.  Because we have already held
that Dr. Hollander was qualified to testify about causation, we overrule
appellant’s third issue on appeal.

In appellant=s
fourth issue on appeal, she argues that the judgment should be reformed to
reflect a 5 percent prejudgment and postjudgment interest rate.  We agree. 
A judgment in a personal injury case earns both prejudgment and
postjudgment interest.  See TEX.
FIN. CODE ANN. ''
304.005 & 304.102 (Vernon Supp. 2004 - 2005).  Both the prejudgment and postjudgment
interest rates are controlled by statute. 
See TEX. FIN. CODE ANN. ''
304.003 & 304.102 (Vernon Supp. 2004 -2005).  Because statutory construction is a question
of law, we review the trial court’s decision de novo.  Texas Department of Transportation v.
Needham, 82 S.W.3d 314, 318 (Tex.2002).  
    

The prejudgment interest rate is equal to the
postjudgment interest rate applicable at the time of judgment.  TEX. FIN. CODE ANN. '
304.103 (Vernon Supp. 2004 - 2005). 
During the regular 2003 legislative session, the legislature passed
House Bills 4 and 2415, both of which contained nearly identical amendments to
the Finance Code.  The amendments reduced
the postjudgment interest rate from 10 percent to 5 percent.[1]  Both bills provided that the new interest
rate would apply to cases in which a final judgment was “signed or subject to
appeal on or after the effective date of this Act.” (Tex. H.B. 4, 78th Leg.,
R.S. (2003)  and Tex. H.B. 2415, R.S.
(2003)).  








House Bill 4 took effect on September 1,
2003.  See Pringle v. Moon, 158
S.W.3d 607, 610 n.2 (Tex.App. - Fort Worth 2005, no pet’n).  House Bill 2415, however, took effect on June
20, 2003.  See Pringle v. Moon,
supra at 610 n.2.   The trial court’s
judgment in favor of Henegar was signed on July 24, 2003.  We conclude that this is also the date the
judgment was subject to appeal.  See
Columbia Medical Center of Las Colinas v. Bush, 122 S.W.3d 835, 865
(Tex.App. - Fort Worth 2003, pet’n den’d). 
As appellant notes in her brief, House Bill 2415 took effect prior to
the judgment.  We sustain appellant’s
fourth issue on appeal and modify the judgment to reflect a prejudgment and
postjudgment interest rate of 5 percent.[2]

As modified, the judgment of the trial court is
affirmed.

 

JIM R. WRIGHT

JUSTICE

 

June 23, 2005

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Act of June 2, 2003, 78th Leg., R.S., ch. 204, ' 6.04, 2003 Tex. Gen. Laws 847, 862; see also Act
of June 1, 2003, 78th Leg., R.S., ch. 676, ' 2(a),
2003 Tex. Gen. Laws 2096, 2097 (both codified at TEX. FIN. CODE ANN. ' 304.003(c) (Vernon Supp. 2004 - 2005)).





[2]We note that, if appellant had relied exclusively on
House Bill 4 in her brief as she did at the trial court, we would have overruled
appellant on this issue because the judgment was signed and subject to appeal
prior to September 1, 2003, the effective date of House Bill 4.