Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00428-CV

Timothy **GEREB**,
Appellant

v.

Sandrea **KUHLMAN**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-06534
Honorable David A. Berchelmann, Jr., Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  December 7, 2011

DISMISSED FOR LACK OF JURISDICTION

On July 1, 2011, appellee filed a motion to dismiss this appeal, claiming that final judgment was signed on March 17, 2011, and that appellant's notice of appeal, filed on June 22, 2011, was untimely. On July 27, 2011, appellant filed a response to the motion to dismiss. We held the motion in abeyance pending filing of the clerk's record. After the trial court clerk filed a notification of late clerk's record, stating that appellant had failed to pay or make arrangements to pay the fee for preparing the record and that appellant was not entitled to appeal without

paying the fee, we ordered appellant to provide written proof that either (1) the clerk's fee had been paid or arrangements had been made to pay the clerk's fees, or (2) appellant was entitled to appeal without paying the clerk's fee. On August 3, 2011, appellant filed an affidavit of indigence in this court. Therefore, on August 17, 2011, we abated this appeal to the trial court. *See* TEX. R. APP. P. 20.1.

A limited clerk's record has now been filed in this case. We, therefore, REINSTATE this appeal on the docket of this court. The limited clerk's record filed shows that a default judgment was signed by the trial court on March 17, 2011. Five days later, on March 22, 2011, the trial court erroneously dismissed the case for want of prosecution. Therefore, within its plenary power, the trial court modified the March 17, 2011, judgment by signing the order dismissing the case for want of prosecution. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Thus, the order of dismissal vacated and superseded the March 17, 2011, judgment. *See SLT Dealer Group, Ltd. v. AmeriCredit Fin. Servs., Inc.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet. h.).

After the order of dismissal was signed, appellee, plaintiff below, filed a motion to reinstate the case, arguing to the trial court that because a judgment had been signed on March 17, 2001, the trial court had erroneously dismissed the case for want of prosecution. On April 5, 2011, still within its plenary power, the trial court ordered the following:

> On the below date, this Court heard the Motion of Sandrea Kuhlman, Plaintiff in this cause, to Reinstate this case since judgment was entered on March 17, 2011, prior to dismissal by this Court on March 22, 2011. This Court heard and considered the Motion and is of the opinion that this case should be reinstated.

> THEREFORE, IT IS ORDERED that this case is hereby reinstated.

Thus, the trial court reinstated *the case* on its docket. However, the trial court did not reinstate its previous judgment of March 17, 2011. *See In re Baylor Med. Ctr.*, 280 S.W.3d 227, 231 (Tex. 2008) (orig. proceeding) (explaining that trial court can reinstate prior judgment and that appellate deadlines restart from the date the trial court reinstates prior judgment). Because the March 17, 2011, judgment was not reinstated, there is no final judgment in this case. *See Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.) ("When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment."). And, because there is no final judgment, we are without jurisdiction over this appeal.

We therefore grant appellee's motion to dismiss to the extent that we dismiss this appeal for lack of jurisdiction.

PER CURIAM