

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00142-CV

Flavio **ALVAREZ**, M.D.,
Appellant

v.

Martha G. **GARCIA**, Judith Rocha, Rosalinda Gonzales, Sylvia Gonzales, Minerva Gonzales,
Individually and as Heirs of the Estate of Dalia Hernandez, Deceased,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-10242
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 26, 2014

REVERSED AND REMANDED

This appeal involves a health care liability claim filed by Martha G. Garcia, Judith Rocha, Rosalinda Gonzales, Sylvia Gonzales, Minerva Gonzales, individually and as heirs of the Estate of Dalia Hernandez, deceased (the "Garcias") arising from the care provided to Dalia Hernandez. After a jury trial, the trial court entered a final judgment in favor of the Garcias, which was later reformed.  On appeal, appellant Flavio Alvarez M.D. ("Alvarez") asserts the trial court erred in calculating the percentage settlement credit under section 33.012(c)(2) of the Texas Civil Practice and Remedies Code.  We reverse the judgment of the trial court and remand the cause to the trial

court for the entry of a judgment applying the percentage settlement credit calculated in accordance with this opinion.

## BACKGROUND

The Garcias sued Alvarez and Northeast Baptist Hospital (the "Hospital") seeking to recover wrongful death and survival damages for the death of Hernandez. The Hospital settled with the Garcias prior to trial. Before the case was submitted to the jury, Alvarez elected a settlement credit equal to each person's percentage of responsibility as found by the trier of fact. The jury found both Alvarez and the Hospital negligent and assigned 10% responsibility to Alvarez and 90% responsibility to the Hospital. The jury awarded $379,122.39 in total damages, all of which were past and actual damages, and allocated differing amounts to each of the Garcias. The trial court entered a final judgment which ordered Alvarez to pay 10% of each damage amount awarded by the jury plus prejudgment interest.

The Garcias filed a motion to reform the judgment claiming the final judgment as entered failed to comply with the requirements of Texas law in the application of the settlement credit. After a hearing on the motion, the trial court reformed the judgment. The reformed judgment increased the total amount Alvarez was required to pay. This appeal ensued.

## STANDARD OF REVIEW

Since the calculation of prejudgment interest is a question of law, we review the issue de novo. *Pringle v. Moon*, 158 S.W.3d 607, 611 (Tex. App.—Fort Worth 2005, no pet.). Similarly, statutory construction is also a question of law which is reviewed de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). When construing a statute we must "ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *Id.* A statute's words are construed according to their plain and common meaning. *Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

## CALCULATION OF PERCENTAGE SETTLEMENT CREDIT

Alvarez's only issue relates to the manner in which the percentage settlement credit and prejudgment interest were calculated in the reformed judgment. The trial court first calculated prejudgment interest on the total amount of damages awarded by the jury from the date interest began to accrue until the date of settlement and added that prejudgment interest amount to the total amount of damages awarded by the jury. The trial court then deducted 90% of the total amount of damages awarded by the jury from this amount to determine the "remaining principal." The trial court then calculated prejudgment interest on the "remaining principal"[1] from the date of settlement until the day before the entry of judgment and added that prejudgment interest amount to the "remaining principal." The reformed judgment then ordered Alvarez to pay that amount. Alvarez contends the reformed judgment holds him liable for the prejudgment interest on the total amount of damages awarded by the jury, even though the jury determined he was only liable for 10% of the damages.

A.     Civil Practice and Remedies Code § 33.012

Section 33.012 of the Texas Civil Practice and Remedies Code imposes limits on the amount of damages a claimant may recover. *Battaglia v. Alexander*, 177 S.W.3d 893, 906 (Tex. 2005). Under section 33.012, a defendant may elect to have the "amount of damages to be recovered by a claimant" reduced by either: (1) a sum of the dollar amounts of all settlements; or (2) a percentage equal to each settling party's percentage of responsibility as found by the jury. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(c) (West 2013). Here, Alvarez elected to reduce the amount of damages to be recovered by the claimant by the percentage equal to the Hospital's

---

[1] The principal actually also included prejudgment interest that was calculated from the settlement for which Alvarez was not found liable.

percentage of responsibility as found by the jury. As previously noted the jury found Alvarez 10% responsible and the Hospital 90% responsible.

B.    Prejudgment Interest

Prejudgment interest is "'compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.'" *Battaglia*, 177 S.W.3d at 907 (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc*., 962 S.W.2d 507, 528 (Tex. 1998)). A judgment in a wrongful death, personal injury or property damage case earns prejudgment interest. TEX. FIN. CODE ANN. § 304.102 (West 2013). Because this dispute arose from a wrongful death claim, prejudgment interest is proper in this case. Prejudgment interest begins to accrue on the 180th day after a defendant has received written notification of the claim or the date the suit is filed and continues to accrue until the day before judgment. TEX. FIN. CODE ANN. § 304.104 (West 2013). This interest is computed as simple interest and does not compound. *Id.* Since Alvarez is liable for 10% of the amount of damages awarded by the jury, he is also liable for the prejudgment interest attributed to that 10% damage amount. *Battaglia*, 177 S.W.3d at 908.

C.    Calculation of Percentage Settlement Credit

In order to calculate the percentage settlement credit attributed to the Hospital, we must first determine the "amount of damages to be recovered by the claimant." *Id.* (quoting *Roberts v. Williamson*, 111 S.W.3d 113, 122-23 (Tex. 2003)). The Supreme Court has held that the "amount of damages to be recovered by a claimant includes not only actual damages but also prejudgment interest." *Columbia Hospital Corp. of Houston v. Moore*, 92 S.W.3d 470 (Tex. 2002); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000). Therefore, we begin by calculating the amount of prejudgment interest on the amount of past actual damages from the date prejudgment interest began to accrue until the day before judgment was entered, and then add the

prejudgment interest so calculated to the past actual damages awarded by the jury to determine the "amount of damages to be recovered by the claimant." TEX. FIN. CODE ANN. § 304.104 (West 2013); *Battaglia*, 177 S.W.3d at 908. Finally we multiply the "amount of damages to be recovered by the claimant" by a "percentage equal to each settling person's percentage of responsibility as found by the trier of fact." TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(c)(2) (West 2013). In this case, the percentage settlement credit attributed to the Hospital equals $360,514.23.[2]

D.      Calculation of Amount Owed by Alvarez using the Declining Principal Formula.

Both Alvarez and the Garcias agree the amount owed by Alvarez should be calculated using the declining principal formula as defined in *Battaglia* and *Brainard*. "A settlement payment should be credited first to accrued prejudgment interest as of the date the settlement payment was made, then to 'principal,' thereby reducing or perhaps eliminating prejudgment interest from that point in time forward." *Battaglia*, 177 S.W.3d at 908, *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 816 (Tex. 2006). Using the declining principal formula to account for settlement payments is the correct method to ensure the prejudgment interest actually compensates a claimant for the lost time value of money due as damages. *Battaglia*, 177 S.W.3d at 907. Thus, "each credit applies first to the accrued interest and then to the principal, with each credit establishing a new interval" at which interest continues to accrue on the remaining principal. *Brainard*, 216 S.W.3d

---

[2] To calculate the percentage settlement credit, add the total past actual damages awarded by the jury ($379,122.39) to the total prejudgment interest ($21,488.98) and multiply this sum times 90%. Use the following formula to calculate: 360,550.23 = 0.9($379,122.39 + $21,488.98).

at 816. Applying the declining principal formula in this case, the total amount to be apportioned among the Garcias is $30,741.65.[3]

<strong>CONCLUSION</strong>

Because the trial court erred in calculating the percentage settlement credit to be applied in determining the amount each of the Garcias are entitled to recover, we reverse the trial court's judgment and remand this cause to the trial court for the entry of the judgment applying the percentage settlement credit calculated in accordance with this opinion.

Marialyn Barnard, Justice

---

[3]

| Declining Principal Formula | |
|---|---|
| Determine the total actual damages from the judgment awarded to all the Garcias | $379,122.39 |
| Determine the amount of interest accruing on the actual damages for 219 days before the settlement of the Hospital | $11,373.67 |
| Deduct prejudgment interest accruing on the actual damages for 219 days before the settlement of the Hospital from the total percentage credit = ($360,550.23 - $11,373.67) | $349,176.56 |
| Apply the remaining settlement credit against the total actual damages from the judgment awarded to all the Garcias = ($379,122.39 - $349,140.56) | $29,945.83 |
| Calculate prejudgment interest on the remaining total actual damages from the judgment awarded to all the Garcias for 194 days after the settlement until the day before the judgment = ($29,981.83*0.05*(194/365)) | $795.82 |
| Sum the remaining actual damages from the judgment awarded to all the Garcias and prejudgment interest on the remaining total damages from the judgment awarded to all the Garcias for 194 days after the settlement until the day before the judgment = ($29,945.83 + $795.82) | $30,741.65 |
| **Total Amount of Damages for all the Garcias** | $30,741.65 |