

# Fourth Court of Appeals
## San Antonio, Texas

April 9, 2018

No. 04-16-00808-CV

**PERIDOT JOINT VENTURE,** Millennium Exploration Company, LLC and Richard Monroy,
Appellants

v.

**RPH CAPITAL PARTNERS, L.P.,**
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-17142
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

This is a restricted appeal in which appellant Peridot Joint Venture ("Peridot") challenges a default judgment rendered against it and in favor of appellee RPH Capital Partners, LP ("RPH") on December 14, 2015. It is undisputed that Peridot failed to file either a motion for new trial or a notice of appeal. However – prior to the filing of this restricted appeal – Peridot filed an original petition for bill of review in the trial court, arguing it did not receive a copy of the December 14, 2015 default judgment. It further contended it was deprived of its due process right to notice of a trial and therefore, the default judgment rendered against it should be reversed. Thereafter, Peridot filed a motion for summary judgment on its bill of review, and after a hearing, the trial court granted Peridot's summary judgment, vacating the December 14, 2015 default judgment.

On June 30, 2016, RPH filed a petition for writ of mandamus, requesting this court to vacate the summary judgment order and reinstate the December 14, 2015 default judgment. On December 6, 2016, we conditionally granted RPH's request for mandamus relief and directed the trial court to vacate its summary judgment on the bill of review and reinstate the December 14, 2015 default judgment. *See In re RPH Capital Partners, LP*, No. 04-16-00424-CV, 2016 WL 7119036, at *5 (Tex. App.—San Antonio Dec. 7, 2016), *opinion withdrawn and superseded on reh'g*, No. 04-16-00424-CV, 2017 WL 2561562 (Tex. App.—San Antonio June 14, 2017, mandamus denied). One week later, Peridot filed this restricted appeal, challenging the reinstated December 14, 2015 default judgment.

Thereafter, on June 14, 2016 – during the pendency of this restricted appeal – this court withdrew its opinion and order from the original proceeding dated December 6, 2016 and substituted a new opinion and order, ultimately denying RPH's request for mandamus relief. *See In re RPH Capital Partners, LP*, 2017 WL 2561562, at *3. RPH then filed a petition for writ of mandamus in the Texas Supreme Court on August 25, 2017. As a result, because the crux of this restricted appeal centered on whether the December 14, 2015 default judgment was valid and enforceable, we abated this cause on September 15, 2017 pending final resolution of any action relating to the original proceeding.

On March 19, 2018, RPH filed a letter in this court, stating the Texas Supreme Court denied its petition for writ of mandamus on January 26, 2018 and the time period for filing a rehearing has expired. Accordingly, based on this court's opinion and order dated June 14, 2016, the underlying December 14, 2015 default judgment was vacated by the trial court's summary judgment in favor of Peridot. A judgment that has been vacated has no legal effect and is not susceptible to appeal. *Pringle v. Moon*, 158 S.W.3d 607, 610-11 (Tex. App.—Fort Worth 2005, no pet.) (citing *Ferguson v. Naylor,* 860 S.W.2d 123, 127 (Tex. App.—Amarillo 1993, writ denied)). Therefore, because the underlying judgment Peridot seeks to challenge in this restricted appeal has been vacated, it now appears this restricted appeal has been rendered moot. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) (holding case is moot when issues presented are no longer live controversies).

Based on the foregoing, we **ORDER** our previous abatement lifted and reinstate this appeal on this court's active docket. We further **ORDER** appellant to file a written response **on or before May 29, 2018** showing cause why this cause should not be dismissed as moot.

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of April, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court