NO. 07-01-00357-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2002

_____

AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT, APPELLANT

V.

MYRTLE YOUNG, APPELLEE

_____

FROM THE 337TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-505,682; HONORABLE SAM MEDINA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this appeal, Automobile Insurance Company of Hartford, Connecticut challenges a summary judgment that Myrtle Young recover $50,000, plus interest and costs. By seven issues, Hartford questions whether (1) the trial court erred in granting Young's motion for summary judgment; (2) the trial court erred in denying its motion for summary

judgment; (3) the Hartford insurance policy provided coverage for Young as a creditor beneficiary; (4) Roger A. Barnes and Bridgette Barnes, the named insureds, held the property in constructive trust for Young; (5) the judgment in another proceeding dated November 23, 1998, determining title between Roger Barnes and Young, was a final judgment; (6) the judgment dated November 23, 1998, extinguished Young's liability for $170 to Roger Barnes on the Lease/Purchase Agreement dated December 3, 1993; and (7) Young is entitled to recover under the policy in question under any theory. Based upon the rationale expressed herein, we reverse and render.

Young, as tenant, and Roger A. Barnes, as landlord, executed an agreement entitled "Real Estate Lease/Purchase" effective November 1, 1992, for a term ending June 1, 1997, covering the residence located at 2619 East Bates, Lubbock, Texas. Among other provisions, the agreement provided:

15. **Property Insurance**. Landlord and Tenant shall each be responsible to maintain appropriate insurance for their respective interests in the Premises and property located on the Premises.

\* \* \*

18. **Fire or Casualty Damage**. If the Premises are damaged or destroyed by fire or other casualty to the extent that enjoyment of the Premises is substantially impaired, Tenant may immediately vacate the Premises and notify Landlord within fourteen days of Tenant's intention to terminate this Lease. . . .

\* \* \*

26. **Entire Agreement/Amendment**. This Lease/Purchase Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Lease

2

may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

After the lease expired, on November 23, 1998, the judge of the 72nd District Court of Lubbock County signed a judgment in cause number 98-502,287 declaring that Young owned the real estate described in the agreement, free and clear of any and all claims of Roger A. Barnes and Bridgette Barnes.[1] The following day the property was destroyed by fire and Young made a demand for payment of the fire loss on Hartford. However, because the Barneses were the only persons designated as insureds under the policy, Hartford declined to pay the loss demanded by Young.

Even though Young was not a named insured under the Hartford policy she commenced this action against Hartford, but did not join Roger A. Barnes. By its first amended original answer and counterclaim, Hartford joined the Barneses seeking a declaratory judgment that on the date of the loss, November 24, 1998, the named insureds did not have any insurable interest in the property, and thus, Hartford had no obligation to Young or the Barneses under the policy. By Young's first amended petition and cross-claim, she joined the Barneses claiming that under the lease/purchase agreement they became a constructive trustee of all proceeds of the insurance policy less the balance owing on the agreement.

---

[1] The judgment recites that Roger A. Barnes appeared, but that Bridgette Barnes "failed to appear and answer and wholly made default."

As grounds for its traditional motion for summary judgment, Hartford contended (1) it had no liability to Young because she was not a named insured under the policy, and (2) at the time of the loss, the Barneses had no insurable interest in the property. By her traditional motion for summary judgment, Young contended (1) she and the Barneses both had an insurable interest in the property, (2) the Barneses were holding the property as constructive trustees for Young, and (3) Young was a creditor beneficiary of the Barneses. The trial court denied Hartford's motion for summary judgment and granted Young's motion. Before we commence our review of the issues presented, we first set out the appropriate standard of review.

## Summary Judgment Standard
## of Review

For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:

4

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied).  Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence.   McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).  Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court.  Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989).

Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented, and render judgment the trial court

5

should have rendered.  Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999). Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied).  We first consider Hartford's first and second issues by which it contends the trial court erred in granting Young's motion for summary judgment and in denying its motion.  These two issues include all relevant sub-issues raised as grounds for the motions for summary judgment.  Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

In Duval County Ranch Col. v. Alamo Lumber Co., 663 S.W.2d 627, 632 (Tex.App.–Amarillo 1983, writ ref'd n.r.e.), we noted

> [t]he rule is established in this state that a fire insurance policy is a personal contract between the insurer and the insured named in the policy and a stranger to the policy may not ordinarily maintain a suit on it.

See also St. Paul Lloyd's Ins. v. Fong Chun Huang, 808 S.W.2d 524, 527 (Tex.App.--Houston [14th Dist.] 1991, writ denied).  The policy in the underlying proceeding is a personal contract as distinguished from a contract to provide property insurance.  See Cumis Ins. Soc., Inc. v. Republic Nat. Bank of Dallas, 480 S.W.2d 762, 765 (Tex.Civ.App.--Dallas 1972, writ ref'd n.r.e.).  Although Young conceded that she was not designated as an insured under the policy, she nevertheless claimed that she was entitled to recover from Hartford under constructive trust or creditor beneficiary theories because she also had an insurable interest in the property.  We disagree.

The law presumes that a written agreement correctly embodies the parties' intentions and is an accurate expression of the agreement of the parties. Estes v. Republic National Bank of Dallas, 462 S.W.2d 273, 275 (Tex. 1970); *Fong Chun Huang*, 808 S.W.2d at 527. Neither the lease/purchase agreement nor the insurance policy support Young's claims. Moreover, because Young was a "stranger" to the policy she could not maintain a suit thereon. *Duval County Ranch*, 663 S.W.2d at 632.

Paragraph 15 of the lease/purchase agreement expressly allocated the responsibility of each party to maintain insurance as each deemed appropriate to insure their interest and did not impose any duty on the Barneses to provide insurance for Young's benefit. Further, paragraph 18 entitled "Fire or Casualty Damage" did not obligate the Barneses to restore or repair the property in case of fire or other casualty.

Citing Sever v. Massachusetts Mut. Life Ins. Co., 944 S.W.2d 486 (Tex.App.--Amarillo 1997, writ denied), Young contends the trial court properly granted her motion on constructive trust grounds; however, her reliance on that case is misplaced. In *Sever*, the insurance company tendered into court the proceeds of a life insurance policy, not a fire insurance policy. *Id.* at 488. Following a divorce, conflicting claims to the policy proceeds were asserted by a minor child, through her mother and guardian ad litem implicating section 3.632 of the Texas Family Code. *Id.* at 489-90. The constructive trust imposed in *Sever* was the result of the application of section 3.632, which does not apply to the underlying proceeding. Moreover, Young did not allege any wrong or breach of legal duty

7

by the Barneses to support the imposition of a constructive trust. More importantly however, there is neither allegation nor summary judgment evidence that Hartford did business with or had any contacts with Young in order to support a claim of wrongful or unjust conduct sufficient to support the imposition of a constructive trust. *See* First Nat. Bank of Amarillo v. Bauert, 622 S.W.2d 464, 466 (Tex.App.--Amarillo 1981, no writ).

Similarly, Young's creditor beneficiary theory urged below, although not briefed on appeal, does not support the judgment against Hartford. Although paragraph 19 of the conditions of the insurance policy entitled "Mortgage Clause" provides for payment of losses to a mortgagee, the policy designates Nationsbanc Mortgage Corporation as such. Further, paragraph 22 of the conditions of the policy provides:

[a]ssignment of this policy will not be valid unless we give our written consent.

This limitation of assignment also appears at the bottom of the first page of the Hartford policy. There being no summary judgment evidence of a request for assignment of the policy, and because the policy designated Nationsbanc as the mortgagee, Young's creditor beneficiary theory does not support summary judgment. Hartford's first and second issues are sustained.

8

Having sustained Hartford's issues, the judgment of the trial court is reversed and we hereby render the judgment the trial court should have rendered.[2]   Accordingly, Hartford's motion for summary judgment is granted.  It is further ordered that all relief sought by Myrtle Young against Automobile Insurance Company of Hartford, Connecticut be denied and that she take and recover nothing against Hartford.


Don H. Reavis
Justice


Publish.

---

[2]When the trial court grants one party's motion and denies the other, the non-prevailing party can appeal both the summary judgment rendered against it and the denial of its own motion.  Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996).  We may reverse and render judgment on the non-prevailing party's motion.  Id.

9