NO. 07-10-00484-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 24, 2011

ROBERTA WEST, APPELLANT

v.

SHERRY LAREE HAMILTON PROCTOR,
INDIVIDUALLY AND AS EXECUTRIX OF THE
ESTATE OF CLIFFORD HAMILTON, APPELLEE

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-534,940; HONORABLE LESLIE HATCH, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

We overrule appellant's September 23, 2011 motion for rehearing. However, we withdraw the opinion issued in this cause on September 8, 2011, and substitute the following in its place.

Appellant, Roberta West, appeals a take nothing judgment on her claims of breach of contract, breach of fiduciary duty, fraud, and for reformation of contract

asserted against appellee, Sherry Laree Hamilton Proctor, individually and as executrix of the estate of Clifford Hamilton.[1]  We will affirm.

## Background

Hamilton was married to West's sister, Dee, and he and West had a close relationship.  Throughout the 57 years of this relationship, Hamilton helped West with various legal and business transactions.  As an example, Hamilton helped West get her land into the federal CRP program and helped advise her through two divorces.

In 1999, Panhandle Brine contacted Hamilton about the possibility of obtaining a lease to extract salt water from West's property.  Hamilton contacted West regarding this offer indicating that he thought that West could make good money from the lease. West told Hamilton to go ahead with the deal, and that she trusted him to negotiate it for her.  Hamilton informed West that he wanted a fee for negotiating the lease.  While West and Hamilton agreed that Hamilton would receive a fee under the lease, there was a wide disparity between the two regarding the amount of that fee.  West believed that Hamilton would receive a one-time payment of fifteen percent of the first royalty payment.  Hamilton believed West had agreed to his receiving a third of all royalty payments paid under the lease.

On November 17, 1999, Hamilton called West to inform her that a representative of Panhandle Brine was there with the lease contract.  West, Hamilton, and the Panhandle Brine representative then went to a notary and West signed the lease.  Even

---

[1] For purposes of clarity, references to "Proctor" will refer to Sherry Laree Hamilton Proctor, both individually and as appellee in this appeal, while references to "Hamilton" will refer to Clifford Hamilton.

though this was the first time that she had seen the contract, West did not read it because she did not want to take up too much of the notary's time, and because she trusted Hamilton.

A month or two after West signed the lease, she read it. While she did not understand much of the contract, she did notice that the contract provided that Hamilton would receive one-third of the royalty payments which were due on the 25th of each month. This provision was in clear conflict with West's understanding that Hamilton would receive a one-time payment of fifteen percent of her first royalty payment. West had trusted Hamilton to "do what was right" by her, but she did not feel like this change to the terms of the agreement "was doing what was right." However, West did not confront Hamilton or take any other action to rectify this discrepancy because she did not want to cause a conflict within the family.

Under the terms of the lease, West received two-thirds and Hamilton received one-third of each monthly royalty payment for years without any objection raised by West. Finally, in 2006, West met with an attorney regarding the terms of the lease contract. During this meeting, West discovered that the lease included terms such as modifications to the lease required Hamilton's approval, Hamilton's interest in the lease would run to his heirs and assigns, and the lease would continue indefinitely so long as there was production under it. West filed the instant suit against Hamilton in May of 2006.

Hamilton filed a motion for summary judgment on the basis that West's claims were barred by the applicable statutes of limitation. The trial court granted summary

3

judgment in favor of Hamilton. However, this Court reversed the summary judgment on the bases that Hamilton failed to identify the date upon which West's claims accrued and negate application of the discovery rule. See West v. Hamilton, No. 07-07-0235-CV, 2008 Tex.App. LEXIS 7694, at *7-*10 (Tex.App.—Amarillo Oct. 9, 2008, no pet.).

While the case was awaiting trial, Hamilton died.[2] As a result, West amended her pleadings to name Proctor as the defendant both individually and in her capacity as executrix of Hamilton's estate. The case was tried to a jury on August 16th and 17th of 2010. After hearing the evidence, the jury returned a verdict finding Hamilton breached his agreement with West, breached the fiduciary duty he owed to West, and committed fraud. However, the jury also found that West, "in the exercise of reasonable diligence, [should] have discovered all of the false, misleading, or deceptive acts or practices of Hamilton" on November 17, 1999, the date that the lease contract was signed. Before judgment was issued by the trial court, West filed a motion to disregard jury findings. This motion was heard and overruled by the trial court. On October 1, 2010, the trial court entered judgment that West take nothing by her suit. West appeals from this judgment.

West presents two issues by her appeal. Her first issue contends that the trial court erred in denying her motion to disregard jury findings, specifically Question Seven regarding the date that West should have discovered her claims against Hamilton. Her second issue contends that the trial court erred in its determination that Proctor was not liable in her individual capacity.

---

[2] Prior to Hamilton's death, his deposition was taken. Thus, all references to Hamilton's testimony refers to this deposition.

Issue One: Limitations

By her first issue, West contends that the trial court erred in failing to disregard the jury's finding that West, in the exercise of reasonable diligence, should have discovered her claims against Hamilton on November 17, 1999, the date that the salt water lease contract was signed by the parties to that contract. The significance of this jury question is that the statute of limitations on each of West's claims had run long before she filed suit, so application of some legal principle that defers the accrual of West's causes of action was necessary for her claims to survive Proctor's claim that limitations barred the present suit. In support of this issue, West contends that limitations was deferred due to Hamilton's fraudulent concealment of her claims, limitations was deferred by the discovery rule under the law of the case doctrine and under the applicable law, and the evidence was legally and factually insufficient to support the jury's discovery rule finding.

a. The Law of Limitations Generally

Statutes of limitations are intended to compel plaintiffs to assert their claims within a reasonable period of time while the evidence is fresh in the minds of the parties and witnesses. Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996). When the legislature has established a limitations period for a claim, a claimant must file his cause of action within the applicable limitations period or risk losing the claim. See City of Murphy v. City of Parker, 932 S.W.2d 479, 481-82 (Tex. 1996). An applicable limitations period begins to run when a cause of action accrues. See F.D. Stella Prods. Co. v. Scott, 875 S.W.2d 462, 464 (Tex.App.—Austin 1994, no writ).

5

Generally, a cause of action accrues and the limitations period begins running when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996); Advent Trust Co. v. Hyder, 12 S.W.3d 534, 538 (Tex.App.—San Antonio 1999, pet. denied). This principle that a cause of action accrues when a wrongful act causes some legal injury is known as the "legal injury rule." See Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex. 1997). However, there are two categories of cases where accrual is deferred. One of these exceptions applies when a cause of action is fraudulently concealed from the plaintiff. See Wright v. Greenberg, 2 S.W.3d 666, 675 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). The other exception, known as the "discovery rule," is for certain categories of cases in which the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable. See S.V., 933 S.W.2d at 6; Advent Trust, 12 S.W.3d at 538.

In the present case, the trial court submitted jury questions relating to West's claims for breach of contract, breach of fiduciary duty, and fraud. The applicable limitations period for breach of fiduciary duty and fraud is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4), (5) (West 2002). Likewise, an action for breach of contract is governed by a four-year statute of limitations. See id. § 16.051 (West 2008); Smith v. Ferguson, 160 S.W.3d 115, 123 (Tex.App.—Dallas 2005, pet. denied) (residual four-year limitations period applies to actions for breach of contract).

West and Hamilton signed the lease contract with Panhandle Brine on November 17, 1999. Therefore, because any legal injury suffered by West by virtue of Hamilton's

actions relating to the lease arose on that date, unless one of the exceptions to the general rule applied, West's causes of action accrued on November 17, 1999, and she would have been required to file suit no later than November 17, 2003. West filed the instant suit in May of 2006.

b. Fraudulent Concealment

West contends that she pled and proved the application of fraudulent concealment to her claims and, therefore, the application of the bar of limitations is negated as a matter of law. Proctor responds that West waived this argument by failing to request that a proper charge be submitted to the jury, and that, if not waived, there was insufficient evidence that Hamilton concealed the facts underlying West's causes of action or that West exercised reasonable diligence.

One of the exceptions to the legal injury rule is when a cause of action is fraudulently concealed from the plaintiff. See Wright, 2 S.W.3d at 675. A defendant is estopped from relying on limitations as an affirmative defense when the defendant is under a duty to make a disclosure but fraudulently conceals the existence of the cause of action from the party to whom it belongs. Id. However, the estoppel ends when the party learns of facts or circumstances that would lead a reasonably prudent person to inquire and thereby discover the concealed cause of action.[3] Id.

---

[3] Because of the nature of our resolution of West's fraudulent concealment claim, we need not address the issue of when West learned of facts that gave rise to her duty to inquire into any concealed cause of action. However, our review of the record leads us to believe that West learned facts sufficient to invoke her duty to inquire into any potentially concealed cause of action when she read the lease contract a month or two after she signed it.

While fraudulent concealment can defer accrual of a cause of action under limitations, West, as the party seeking to avoid application of limitations, had the burden to plead and secure a finding of fraudulent concealment. See Advent Trust, 12 S.W.3d at 541. The elements of fraudulent concealment are: 1) an underlying tort; 2) the defendant's knowledge of the tort; 3) the defendant's use of deception to conceal the tort; and 4) the plaintiff's reasonable reliance on the deception. Id. A party asserting any form of equitable estoppel must have reasonably relied on the defendant's misrepresentations or concealment. Id.

In the present case, the fraud question that was submitted to the jury, and upon which West premises her avoidance of limitations due to fraudulent concealment, instructed the jury on the substantive, common-law tort of fraud based on a failure to disclose when there is a duty to disclose. Specifically, the jury was instructed that,

> Fraud occurs when –
>
> a. a party fails to disclose a material fact within the knowledge of that party.
> b. the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth.
> c. [t]he party intends to induce the other party to take some action by failing to disclose the fact, and
> d. the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

This instruction tracks the applicable language of the pattern jury charge for fraudulent breach of a duty to disclose. See STATE BAR OF TEXAS PATTERN JURY CHARGES PJC 105.4 (2002). The next jury question asked the jury to determine the amount of damages caused by Hamilton's fraud and/or breach of agreement. The question after that asked the jury, "By what date should [West], in the exercise of reasonable

8

diligence, have discovered all of the false, misleading, or deceptive acts or practices of Hamilton."

Viewing the charge as a whole, it is clear that the fraud question that was submitted to the jury involved the substantive tort of fraud, rather than a claim of fraudulent concealment as an avoidance of the statute of limitations. See Advent Trust, 12 S.W.3d at 542. This becomes even more clear by virtue of the fact that it would not be appropriate to ask the jury causation and damages questions regarding a theory of avoidance as these questions are appropriate only to a theory of liability. Id.

Because West failed to submit fraudulent concealment to the jury, she has waived this theory of avoidance of the statute of limitations.

c. Law of the Case

West also contends that this Court's prior opinion determined that West "pleaded or otherwise raised the issue of fraudulent concealment," and, as such, Hamilton bore the burden of negating the discovery rule.[4] However, significantly, this Court's prior opinion reviewed the trial court's grant of summary judgment in favor of Hamilton. See West, 2008 Tex.App. LEXIS 7694, at *1. Law of the case does not apply when either the issues or facts presented at successive appeals are not substantially the same. See Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986).

---

[4] While West conflates fraudulent concealment and the discovery rule throughout her brief, each of these exceptions to the injury rule are distinct and characterized by different substantive and procedural rules. See S.V., 933 S.W.2d at 4.

"[O]n motion for summary judgment, the burden is on the defendant to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered." Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 n.2 (Tex. 1988). "However, where the case proceeds to trial with a fact question as to when the plaintiff discovered, it is the plaintiff who benefits by the discovery rule who must ensure that such an issue is submitted [and proven]." Id. at 518, 518 n.2.

This Court's prior opinion simply concluded that Hamilton failed to establish his entitlement to summary judgment because he did not meet his summary judgment burden to establish as a matter of law when West's cause of action accrued, and to negate the discovery rule. See West, 2008 Tex.App. LEXIS 7694, at *8-*9. As such and due to the differences in the burden of proof governing this Court's prior opinion and those that applied to the trial on the merits, we conclude that the law of the case doctrine does not apply. See Hudson, 711 S.W.2d at 630.

### d. Applicability of the Discovery Rule

Next, West contends, and Proctor essentially concedes, that the discovery rule applies to the claims West asserted in this case.

Accrual of a cause of action is deferred in cases in which the nature of injury is inherently undiscoverable and the evidence of injury is objectively verifiable. See S.V., 933 S.W.2d at 6. Accrual, in these cases, is deferred until the plaintiff knows or in the exercise of reasonable diligence should know of the wrongful act and the resulting injury. Advent Trust, 12 S.W.3d at 538. This is known as the "discovery rule." Id.

10

The evidence in this case establishes that Hamilton owed West fiduciary duties by virtue of their long-standing relationship and prior business transactions. See Consol. Bearing & Supply Co. v. First Nat'l Bank, 720 S.W.2d 647, 649 (Tex.App.—Amarillo 1986, no writ) (generally discussing factors in determining when a confidential relationship becomes a fiduciary relationship). The establishment of a fiduciary relationship is significant because the Texas Supreme Court has held that a fiduciary's misconduct may be inherently undiscoverable. See Willis v. Maverick, 760 S.W.2d 642, 645 (Tex. 1988); Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 394 (1945). However, the person to whom a fiduciary duty is owed is relieved of the responsibility of diligent inquiry into the fiduciary's conduct only so long as that relationship exists. S.V., 933 S.W.2d at 8. When the fact of a fiduciary's misconduct becomes apparent, the person owed the fiduciary duty is no longer relieved of the duty to exercise reasonable care and diligence to discover the existence of a cause of action. See id.; Willis, 760 S.W.2d at 646.

As a result of the fiduciary relationship existing between West and Hamilton, we conclude that the discovery rule applied to West's present causes. As such, West was relieved of the duty to inquire into whether Hamilton properly discharged his fiduciary duties in negotiating the lease contract. However, once it became apparent that Hamilton had breached his fiduciary duties by securing an unauthorized benefit to himself under the salt water lease, West was held to the duty to exercise reasonable care and diligence to discover the existence of a cause of action.

11

e. <u>Legal and Factual Sufficiency of Evidence Supporting Jury's Finding</u>

West contends that the evidence supporting the jury's finding that, "in the exercise of reasonable diligence, [West should] have discovered all of the false, misleading, or deceptive acts or practices of Hamilton" by November 17, 1999, the date that the lease contract was signed, is legally and factually insufficient. Proctor responds contending that the evidence that West failed to exercise reasonable diligence to discover the present causes is sufficient.

When a party challenges the legal sufficiency of the evidence supporting a jury finding, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. <u>See</u> <u>City of Keller v. Wilson</u>, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable jury could and disregard contrary evidence unless a reasonable jury could not. <u>Id</u>. at 827. If the evidence would permit reasonable and fair-minded people to reach the finding under review, the legal sufficiency challenge fails. <u>Id</u>. When a party challenges the factual sufficiency of the evidence, we consider all of the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and manifestly unjust. <u>Cain v. Bain</u>, 709 S.W.2d 175, 176 (Tex. 1986). In conducting our review, we are mindful that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. <u>City of Keller</u>, 168 S.W.3d at 819; <u>Hinkle v. Hinkle</u>, 223 S.W.3d 773, 782 (Tex.App.—Dallas 2007, no pet.).

12

Viewing the evidence supporting the jury's discovery rule finding in the light most favorable to the finding, we find the evidence to be legally sufficient. The evidence establishes that West and Hamilton disagreed about the amount of compensation Hamilton would receive for brokering the salt water lease. West testified that she had agreed to Hamilton receiving a one-time payment of fifteen percent of the first royalty payment. Hamilton told West on multiple occasions that he wanted a third of whatever the lease paid. Thus, the disagreement about Hamilton's compensation was known to West before she ever saw the lease contract. The evidence also establishes that West did not read the lease contract at the time that she signed it. However, a month or two later, when West did read the lease, it was apparent to her that the lease provided that Hamilton would receive one-third of each monthly royalty payment. Indulging all reasonable inferences in favor of the jury's finding, a reasonable jury could have concluded that West's prior knowledge that she and Hamilton disagreed about Hamilton's compensation was sufficient to put West under a duty to verify that the terms of the lease contract reflected her agreement. Since simply reading the contract would have revealed West's claim, we conclude that the evidence supporting the jury's November 17, 1999 discovery rule finding is legally sufficient.

However, viewing the jury's discovery rule finding without the prism of viewing the evidence in the light most favorable to the finding yields a slightly different result. While the evidence still establishes that West was aware that Hamilton wanted more compensation than she had agreed to, the evidence does establish that West and Hamilton were in a fiduciary relationship when Hamilton negotiated the lease. As such, it was reasonable for West to trust that Hamilton negotiated the lease in accordance

with the terms she had agreed to.  See S.V., 933 S.W.2d at 8.  Thus, West was under no duty to read the lease prior to signing it.  Consequently, the jury's finding that, in the exercise of reasonable diligence, West should have discovered her claims against Hamilton on November 17, 1999, is so against the great weight of the evidence as to be clearly wrong.

While the jury's finding of the specific discovery date is not supported by factually sufficient evidence, West bore the burden of proving that accrual of her causes of action was deferred until May of 2002 or after.[5]  As previously addressed, all of West's claims are subject to a four-year statute of limitation.  Statutes of limitation are affirmative defenses, and a defendant that raises the defense bears the initial burden to plead, prove, and secure findings to sustain its plea.  Woods, 769 S.W.2d at 517.  In response, a plaintiff may seek the benefit of the discovery rule, which is a plea in confession and avoidance.  Id.  However, when a plaintiff contends that the discovery rule applies to defer accrual of a cause of action, the plaintiff so contending bears the burden of proving and securing favorable findings thereon.  Id.  Thus, in the present case, for West to overcome Proctor's assertion of limitations, West bore the burden of proving and securing a jury finding that she did not know or, in the exercise of reasonable diligence, should not have known of Hamilton's wrongful acts until May 2002 or later.  Advent Trust, 12 S.W.3d at 538.  In other words, West's sufficiency issue must challenge the jury's failure to find that the discovery rule applies in a manner that prevents limitations from barring her claims against Proctor.  When the party with the

_____

[5] As West's present suit was filed in May of 2006, to avoid being barred by the applicable statutes of limitation, West's causes of action must not have accrued earlier than May of 2002.

burden of proof appeals from a jury's failure to find in its favor, the party must show that the failure to find is so against the great weight and preponderance of the evidence as to be clearly wrong. See Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988); Canal Ins. Co. v. Hopkins, 238 S.W.3d 549, 557 (Tex.App.—Tyler 2007, pet. denied).

While we have concluded that the jury's November 17, 1999 discovery rule date is not supported by factually sufficient evidence, the jury's finding that West failed to meet her burden of proving that the discovery rule did not prevent limitations from barring her claims is not so against the great weight and preponderance of the evidence as to be clearly wrong. While the fiduciary duty Hamilton owed to West relieved West of the duty to read the lease at the time she signed it, once West read the lease and noted that it differed from the terms that she had agreed to, West was under the duty to exercise reasonable care and diligence to discover whether she possessed a cause of action against Hamilton. See Willis, 760 S.W.2d at 646. Clearly, after reading the lease, West could have confronted Hamilton about the terms of the lease or sought review of the terms of the lease by other counsel. However, West testified that she did not confront Hamilton about the lease's compensation terms because West did not want to cause problems within her family. West ultimately sought review of the lease by outside counsel, but she did not do so until 2006, at least six years after her duty to exercise reasonable care and diligence to discover any claims she might have under the lease arose. Thus, we conclude that the evidence establishes that West should have discovered the existence of the presently asserted causes of action no later than the end of January of 2000. As such, her suit, filed in May of 2006, was outside of the

applicable statutes of limitation periods, and the jury's failure to find that West established that the discovery rule deferred accrual of her causes of action until May of 2002 or later is not so against the great weight and preponderance of the evidence as to be clearly wrong. See Cropper, 754 S.W.2d at 651; Canal Ins. Co., 238 S.W.3d at 557. Consequently, we conclude that the evidence is factually sufficient to support the jury's failure to find in West's favor.

For the foregoing reasons, we overrule West's first issue.

Issue Two: Capacity

By her second issue, West contends that the trial court erred in ruling that Proctor is not liable in her individual capacity. West's contention is premised on the fact that Proctor did not file a verified denial of capacity, and did not object to being named to the suit in her individual capacity. Proctor responds that there was no evidence to support a charge against Proctor in her individual capacity.

While it is true that a denial of liability in the capacity in which one is being sued requires a verified denial, see TEX. R. CIV. P. 93, a failure to do so does not create liability that is not supported by the evidence. In the present case, West cites to two instances in which Hamilton testified that the lease granted him the right to transfer his rights under the lease to his daughter. However, there is no record evidence that Hamilton ever took this action during his life or even that Proctor would receive any portion of Hamilton's interest in the lease as a beneficiary of Hamilton's estate. As such, we agree with Proctor that the trial court did not err by not charging the jury

16

regarding Proctor's individual liability as there was no evidence to support such a submission.

We overrule West's second issue.

Conclusion

Having overruled both of West's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice