

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-11-0422-CV

_____

INTEGRATED OF AMARILLO, INC. D/B/A
PLUM CREEK SPECIALTY HOSPITAL, APPELLANT

V.

PINKSTON-HOLLAR CONSTRUCTION SERVICES, INC.,
D/B/A CONSTRUCTION SERVICES,
A TECTA AMERICA CORP. COMPANY, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 97336-C, Honorable Ana Estevez, Presiding

April 2, 2013

MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellee Pinkston-Hollar[1] obtained a summary judgment against appellant Plum Creek[2] for damages arising from breach of a construction contract. On appeal, Plum

---

[1] The appellee is Pinkston-Hollar Construction Services, Inc., d/b/a Construction Services, a Tecta America Corp. Company.

Creek asks us to reverse and render judgment in its favor on its limitations affirmative defense, which it had asserted by means of a motion for summary judgment. We find the record presents no evidence that Pinkston-Hollar's suit was barred by limitations and will affirm the judgment of the trial court.

Background

Pinkston-Hollar contracted in writing with Plum Creek for the replacement of the roof on Plum Creek's hospital building. The cost of the project was $189,654. In relevant part, the parties' agreement provided, "Payable at Amarillo, Texas, as follows: 50% of contract at job start up, balance due within 15 days of completion." The document does not define "job start up" or "completion" and the meanings of these terms are not established by the summary judgment record. However, the parties state in their briefs that the work began January 31, 2005 and was "completed" March 31, 2005.

The record contains two invoices from Pinkston-Hollar to Plum Creek. The first is numbered 8091 and dated January 31, 2005. Under the heading "description" it states: "50% of contract price (192,654.00) (sic) per contract $96,327.00." Under the heading "terms," the document states "net 30."[3]

The second invoice is numbered 8111 and dated March 31, 2005. Under the heading "description," the invoice states:

---

[2] The appellant is Integrated of Amarillo, Inc., d/b/a Plum Creek Specialty Hospital.

[3] The intended meaning of "net 30" is not disclosed by the record. But the meaning of this term is not germane to our disposition and we express no opinion on the parties' intent.

Pay request #2-final

Contract 100% complete $189,654.00

Less payrequest (sic) #1 (invoice 8091) $ (96,327.00)

Due $ 93,327.00

\*\*\*

*Notes: Contract amount was shown incorrectly on payrequest #1

Correct amount is $189,654.00

Payment for invoice #8091 is past due, please remit.

Under the heading "terms" the invoice states "net 30."

The record also contains copies of two checks drawn in May and June 2005 totaling $93,327 which, Plum Creek asserts, together represented its payment of the March 31 invoice.

On February 24, 2009, Pinkston-Hollar filed suit against Plum Creek on the contract. The petition alleges Plum Creek "defaulted in paying the debt evidenced by the Contract. There is currently due the sum of $96,327.00, plus accrued interest as provided for in the agreement."

Pinkston-Hollar moved for summary judgment on its breach of contract claim but the motion was initially denied. Plum Creek then moved for summary judgment on the defensive theory that Pinkston-Hollar's claim was barred by limitations for untimely filing or, alternatively, because Pinkston-Hollar failed to diligently serve Plum Creek with process. This motion was also denied. Pinkston-Hollar later moved for rehearing of its motion for summary judgment. On rehearing, the trial court granted the motion and

awarded Pinkston-Hollar contract damages, attorney's fees, and prejudgment and post-judgment interest. This appeal followed.

Analysis

Through its two issues on appeal, Plum Creek argues Pinkston-Hollar's case either was filed outside the limitations period or was filed within the period but service of process outside the period was not diligently effected.

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). In so doing, we examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.,* 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson,* 168 S.W.3d 802, 824-25 (Tex. 2005). When both parties move for summary judgment and the trial court grants the motion of one party and denies the motion of the other, the non-prevailing party may challenge on appeal the summary judgment rendered against it and the denial of its motion. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex. 1996); *Auto. Ins. Co. v. Young,* 85 S.W.3d 334, 338 n.2 (Tex.App.--Amarillo 2002, no pet.). In such instances, we review the summary judgment evidence presented by both sides and determine all questions presented, and may render the judgment the trial court should have rendered. *Mid-Continent Cas. Co. v. Global Enercom Mgmt.,* 323 S.W.3d 151, 153-54 (Tex. 2010) (per curiam); *Holmes,* 924 S.W.2d at 922; *Young,* 85 S.W.3d at 338 n.2. A defendant moving for summary judgment on an affirmative defense, such as

4

the statute of limitations, bears the burden of conclusively proving all elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999).

The four-year residual limitations period of Civil Practice and Remedies Code § 16.051 applies to a breach of contract action. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008); *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002); *West v. Proctor,* 353 S.W.3d 558, 564 (Tex.App.--Amarillo 2011, pet. denied). The limitations period runs from the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008); *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 315 (Tex. 2006). A cause of action for breach of contract accrues when a party is injured by the actions or omissions of another. *Barker v. Eckman,* 213 S.W.3d 306, 311 (Tex. 2006) (citing *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex. 1990) ("A cause of action can generally be said to accrue when the wrongful act effects an injury")).

A construction contract is generally a continuing contract under which "the contemplated performance and payment is divided into several parts or, where the work is continuous and indivisible, the payment for work is made in installments as the work is completed." *Hubble v. Lone Star Contracting Corp.,* 883 S.W.2d 379, 381-82 (Tex.App.--Fort Worth 1994, writ denied) (citing *Godde v. Wood,* 509 S.W.2d 435, 441 (Tex.Civ.App.--Corpus Christ 1974, writ ref'd n.r.e.)); *City and County of Dallas Levee Improvement Dist. v. Halsey, Stuart & Co., Inc.,* 202 S.W.2d 957, 961 (Tex.Civ.App.--Amarillo 1947, no writ)). On a continuing contract, limitations runs at the earlier of (1) the completion of the work; (2) the termination of the contract under its own terms; or (3) the anticipatory repudiation of the contract by one party and the adoption of the repudiation by the other party. *Hubble,* 883 S.W.2d at 382; *see Godde,* 509 S.W.2d at

441 ("Where a claim for work, labor, or materials performed or furnished is the outgrowth of an entire contract for continuous work, labor or materials (until the work project has been completed), the claim will be treated and considered as an entire demand and limitations will not commence to run until the contract has been finished"). Repudiation is conduct showing a fixed intention to abandon, renounce, and refuse to perform the contract. *Hubble,* 883 S.W.2d at 382.

In contrast, if a contract requires fixed, periodic payments, a separate cause of action arises for each missed payment. *Davis Apparel v. Gale-Sobel, A Division of Angelica Corp.,* 117 S.W.3d 15, 18 (Tex.App.--Eastland 2003, no pet.). In such instances, the party claiming injury has four years from each breach to bring suit. *F.D. Stella Prods. Co. v. Scott,* 875 S.W.2d 462, 465 (Tex.App.--Austin 1994, no writ).

Here the contract specifies that in consideration for the sum of $189,654 Pinkston-Hollar would furnish all labor and materials necessary to replace the roof on Plum Creek's hospital building. The contract price was payable in equal installments at the commencement of the work and within 15 days of its completion. Assuming, as Plum Creek asserts, it defaulted before completion of the work the contract provides:

> 11. Right to Stop Work. The failure of Customer to make proper payment to Contractor when due shall entitle Contractor, at its discretion, to suspend all work and shipments, including furnishing warranty, until full payment is made or terminate this contract. The contract sum to be paid Contractor shall be increased by the amount of Contractor's reasonable costs of shut-down, delay and start-up.

Thus when Plum Creek did not make the initial payment, Pinkston-Hollar could continue performance to completion, suspend the work awaiting payment or terminate the contract. The contract was not terminated nor is there any evidence of repudiation

6

by either party. Rather, it is undisputed that Pinkston-Hollar carried the work to completion on March 31 and Plum Creek tendered partial payments during May and June 2005.

The contract here is not like the installment contract in *Davis Apparel*, calling for fixed periodic payments for ongoing performance. 117 S.W.3d at 19. Rather, as discussed in *Hubble,* the work under the present contract was continuous and indivisible with payment divided into installments based on the start-up and completion of the work. Therefore, a cause of action accrued in favor of Pinkston-Hollar for Plum Creek's failure to pay the contract price, and the four-year limitations period began to run, when Plum Creek did not pay all sums remaining due under the contract. Whether this date is calculated as "net 30" from March 31, 2005, or 15 days from March 31, matters not for disposition of the issues on appeal. Pinkston-Hollar filed suit on February 24, 2009, and it is without dispute that Plum Creek was served with process on March 3, 2009.

On this record, Plum Creek did not prove as a matter of law that Pinkston-Hollar's suit was filed more than four years after the cause of action accrued.[4] Because service of process occurred before the limitations period ran there is no issue concerning Pinkston-Hollar's diligence in obtaining service. *Cf. Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex. 2007) (once defendant affirmatively pleads and establishes it was sued within period of limitations but served after limitations expired, burden shifts to

---

[4] To the extent Plum Creek might argue it at least presented something more than a scintilla of evidence on each element of its limitations affirmative defense, thus precluding summary judgment in favor of Pinkston-Hollar, we disagree. This record presents no evidence that suit on Pinkston-Hollar's breach of contract claim was filed more than four years after the cause of action accrued or that process was served outside the limitations period.

plaintiff to present evidence "regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay") (citing *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990)).  We accordingly overrule Plum Creek's first and second issues on appeal.

Conclusion

The judgment of the trial court is affirmed.

James T. Campbell
Justice