**Affirmed and Opinion Filed this 17th day of April, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01275-CV

**THEAVY SEDERBERG, AS REPRESENTATIVE OF THE ESTATE OF MONYKA NOP, Appellant**

**V.**

**IDS PROPERTY CASUALTY INSURANCE COMPANY AND AMERIPRISE INSURANCE COMPANY, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-02501-I**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Theavy Sederberg appeals from a summary judgment granted in favor of IDS Property Casualty Insurance Company (IDS). In a single issue, Sederberg contends the trial court erred by granting IDS's motion for summary judgment. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Theavy Sederberg was the owner of a Mitsubishi Galant that was insured by a policy from IDS Property Casualty Insurance Company. Sederberg allowed her daughter, Monyka

Nop, to drive the vehicle. In December of 2008, Nop came to Texas from Minnesota and was living with her mother at the time of the accident. Shortly after moving in with her mother, Nop found a job at an IHOP restaurant, where she worked with Eugene Gosby, III. On the evening of March 19, 2009, Nop and Gosby attended the birthday party of a mutual friend. After the party, Gosby drove the Mitsubishi Galant.

During the early morning hours of March 20, 2009, with Gosby driving, the vehicle drifted off of the right side of the road. The vehicle traveled approximately 200 feet off of the roadway and rolled over several times. Nop, the passenger, was ejected from the vehicle and died as a result of injuries she suffered in the accident.[1]

Part A of the IDS insurance policy, entitled "Liability Coverage," read in part:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest awarded against the covered person. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

The policy defined "covered person" as used above to mean "[a]ny person using your covered auto." The policy also contained various exclusions, one of which stated that the policy did not "provide Liability Coverage for any person" "[u]sing a vehicle without a reasonable belief that that person is entitled to do so."

IDS filed a declaratory judgment action against Sederberg (as representative of Nop's estate) and Gosby seeking a declaration that the insurer did not owe any coverage or a defense or

---

[1] The police report attributed the accident to "intoxication and failing to drive in a single lane." The report stated that Gosby was charged with intoxication manslaughter. The report, however, did not indicate his blood alcohol level at the time of the accident. The report's description of the accident concluded: "Full toxicology pending."

indemnity obligation for any of the claims arising out of the March 20, 2009 accident. IDS also sought a declaration that the vehicle was not an "uninsured/underinsured vehicle" under the terms of the policy. IDS then filed a traditional motion for summary judgment that argued (1) the policy and summary judgment evidence established there was no coverage for Gosby under the policy; (2) the evidence established that there was no uninsured motorist coverage for Monyka Nop under the policy.[2] Sederberg responded to the motion. The trial court granted the motion for summary judgment. The court's final order provided in part:

> 1. That Eugene Gosby, III is not a "covered person" as defined in the IDS insurance policy number AI 01147418 with respect to the accident in question of March 20, 2009;
>
> 2. That [IDS] has no duty to indemnify Eugene Gosby, III under the law or per the terms of the IDS insurance policy number AI 01147418 in any claim or lawsuit arising out of the accident in question of March 20, 2009;
>
> 3. That [IDS] has no duty to defend Eugene Gosby, III under the law or per the terms of the IDS insurance policy number AI 01147418 in any claim or lawsuit arising out of the accident in question of March 20, 2009;
>
> 4. The vehicle involved in the accident in question of March 20, 2009, and owned by Theavy Sederberg and driven by Eugene Gosby, III is not an uninsured /underinsured vehicle per the terms of the IDS insurance policy number AI 01147418;
>
> 5. That Theavy Sederberg as representative of the estate of Monyka Nop is not entitled to any UIM coverage related to the accident in question under IDS insurance policy number AI 01147418;
>
> 6. That [IDS] has no obligation under the law or per the terms of IDS insurance policy number AI 01147418 to pay any claims for any damages on behalf of any party, including Eugene Gosby, III, to any party including Theavy Sederberg as representative of the estate of Monyka Nop, under any coverages or policy terms, arising out of the accident in question of March 20, 2009.

---

[2] Sederberg's brief states that she "does not dispute IDS Casualty's Motion for Summary Judgment as to the 'uninsured/underinsured vehicle' issue."

Sederberg subsequently brought this appeal.

## DISCUSSION

### *Mootness*

As a preliminary matter, we must address IDS's contention that this appeal is moot. The prohibition against deciding a controversy that is moot is based on principles that prohibit courts from rendering advisory opinions. *See Tex. Ass'n of Bus. v. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993). A case becomes moot when the issues presented are not live or when the parties lack a legally cognizable interest in the outcome. *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex. 1988); *see also Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001) (justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot).

IDS points out that, under Texas law, a person must bring suit for personal injury, including an injury resulting in death, no later than two years after the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a), (b). By IDS's calculation, the limitations period for action against any party, including Gosby, for the death of Nop expired on March 20, 2011, two years from the date of the accident,[3] yet neither Sederberg nor any other party brought suit for the injury or death of Nop during that two-year limitations period. According to IDS, the issue in this appeal is moot and we need not address Sederberg's argument because "the decision will not affect or change the coverage situation with regard to the underlying matter, as there is no valid claim subject to any coverage."

---

[3] It should be noted that March 20, 2011 was a Sunday. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.072 ("If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business").

We disagree with IDS that there is no justiciable controversy. First, limitations is an affirmative defense that must be specifically pleaded and proved. *See* TEX. R. CIV. P. 94; *Davis Apparel v. Gale-Sobel*, 117 S.W.3d 15, 16 (Tex. App.—Eastland 2003, no pet.); *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). It is the defendant's burden to plead and prove a statute of limitations affirmative defense—otherwise it is waived. *See Fontenot Petro-Chem & Mar. Servs, Inc. v. LaBono*, 993 S.W.2d 455, 458 (Tex. App.—Corpus Christi 1999, pet. denied). There is no indication in the record that IDS asserted a limitations defense. Furthermore, according to the pleadings on file in this case, this declaratory judgment action was brought by IDS after Sederberg made a claim under an automotive insurance policy she purchased from IDS for the car in which Nop was a passenger, and Gosby was driving. There is, therefore, a justiciable controversy between the parties as to whether there is coverage under the policy, and we conclude the appeal is not moot.

### *Summary Judgment*

In her sole issue, Sederberg asks "[w]hether the trial court erred in granting IDS Property Casualty Insurance Company's Motion for Summary Judgment given the absence of evidence supporting all of the essential elements of IDS Property Casualty Insurance Company's Claim." We review de novo the trial court's summary judgment. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.,* 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from

5

the evidence. *Beesley,* 358 S.W.3d at 418. The movant must show there was no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true, and we must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.,* 890 S.W.2d at 800.

The Texas Supreme Court has referred to the policy exclusion at issue here as the "reasonable-belief-of-entitlement-exclusion." *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 554 (Tex. 2003). The court noted that such a provision provides the basis for a "permission" requirement in the policy. *See id.* "The law is well settled in Texas that permission means consent to use the vehicle at the time and place in question and in a manner authorized by the owner, either express or implied." *Hartford Acc. & Indem. Corp. v. Lowery*, 490 S.W.2d 935, 937 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.); *see also Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005) (citing *Lowery*, 490 S.W.2d at 937). In *Royal Indemnity Company v. H.E. Abbott & Sons, Inc.*, the Texas Supreme Court wrote:

> While express permission must be affirmatively stated, implied permission may be inferred from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent. It is usually shown by usage and practice of the parties over a period of time preceding the occasion on which the automobile was being used.

399 S.W.2d 343, 345 (Tex. 1966); *see also Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 164-65 (5th Cir. 2006) (citing *Royal Indemnity Co.*, 399 S.W.2d at 345).

In support of its motion for summary judgment, IDS attached Sederberg's sworn deposition and a certified copy of the insurance policy. The motion for summary judgment filed

6

by IDS contended the insurance policy and the summary judgment evidence established there was no coverage for Gosby under the policy as a matter of law because, based on the insurance policy's "reasonable-belief-of-entitlement exclusion," there was no reasonable belief Gosby had either express or implied permission to drive the vehicle.

Because this was a traditional motion for summary judgment, IDS's burden of proof was to establish the absence of an essential element of Sederberg's claim. It did that here by proving, first, that the "reasonable-belief-of-entitlement" policy exclusion existed. In addition, through Sederberg's deposition testimony, IDS showed Sederberg did not know Gosby, had never met him, did not give him permission to drive the car on the occasion in question, did not know he was driving the car, and that there was no prior relationship between Sederberg and Gosby from which Gosby could have had a reasonable belief he was authorized to drive the car. Thus, the summary judgment evidence presented by IDS established that the "reasonable-belief-of-entitlement-exclusion" applied and that Sederberg could not recover on her policy claim as a matter of law.

Once IDS showed there was no reasonable belief Gosby had either express or implied permission to drive the vehicle, the burden shifted to Sederberg to offer controverting evidence that would raise an issue of fact. She did not do so. Sederberg argues Gosby had a reasonable belief he could drive the vehicle based on several factors, including: (1) Sederberg stated in her affidavit that although she "did not know Mr. Eugene Gosby personally at the time of the accident, I would have allowed him to drive [m]y Mitsubishi since he was one of the co-workers of NOP"; (2) Nop and Gosby were co-workers; (3) Nop was a passenger in the car; (4) Nop and Gosby went to the party together, and then Gosby drove Nop home after the party.

7

These arguments, however, do not satisfy Sederberg's burden. First, she contends she would have given Gosby permission to drive the vehicle because (as she recounted in her affidavit) she had previously allowed Nop's co-worker, Carrie, and Carrie's boyfriend, to drive the vehicle. But Sederberg stated in her deposition that Nop needed to first ask if someone else could drive the car and that Sederberg wanted "to know who that person is" before she would allow someone else to drive the vehicle.[4] Sederberg knew Carrie was one of Nop's co-workers. But there is no summary judgment evidence that, prior to the accident, Sederberg knew Gosby, had any relationship with him, or had ever met him. Moreover, there is no summary judgment evidence as to whether Gosby thought he was allowed to drive the vehicle, how he got possession of the keys, whether Nop consented or objected, and whether she was awake or competent at the time Gosby drove the vehicle.

Sederberg also argues that since Gosby was Nop's co-worker, this shows she would have allowed him to drive the vehicle. But an assertion that Sederberg "would have" done something is a conclusory, subjective belief, and not sufficient to raise an issue of fact. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Hightower v. Saxton,* 54 S.W.3d 380, 389 (Tex. App.—Waco 2001, no pet.). Again, the summary judgment record shows Sederberg required Nop to first ask permission before another person could drive the vehicle, and that Sederberg wanted to know the person who was driving. It is not in dispute that, on the occasion in question, Nop did not ask Sederberg

---

[4] Sederberg stated in her affidavit that when she and Nop lived in Minnesota, she allowed Nop's boyfriend to drive her Mercedes Benz but got upset when the boyfriend caused an accident and damaged the vehicle. According to her affidavit, Sederberg reminded Nop "that she needed my permission if she wanted to let [an]other person drive my 2002 Mercedes."

whether Gosby could drive the vehicle and that Sederberg did not know Gosby or have any prior relationship with him.[5]

As for Sederberg's remaining contentions, Sederberg argues that since Nop was a passenger in the vehicle, this is evidence of a reasonable belief. Sederberg also contends that since Nop had permission to drive the car on the occasion in question, Nop could grant permission to Gosby and that Gosby would have had a reasonable belief he was authorized to drive the vehicle. In addition, Sederberg asserts that since Gosby was driving Nop home, he had a reasonable belief. But there is no evidence in the summary judgment record regarding Nop's mental or physical condition at the time of the accident or that she actually gave Gosby permission to drive the vehicle, and her mere presence as a passenger in the vehicle does not raise an issue of fact as to whether Gosby had a reasonable belief he was authorized to drive the vehicle. Sederberg further argues that since Gosby and Nop went to the party of a mutual friend, this is evidence Gosby had a reasonable belief he was authorized to drive the vehicle. Again, however, there is no evidence in the summary judgment record as to how Gosby took control of the car or why, Nop's condition, or that Sederberg knew Gosby would be driving the vehicle.

Accordingly, we conclude the trial court did not err by granting IDS Property Casualty Insurance Company's traditional motion for summary judgment. We overrule Sederberg's issue.

---

[5] In her deposition, when Sederberg was asked whether she would have allowed Gosby to drive the vehicle if Nop had asked, Sederberg replied, "I'm not sure."

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

111275F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THEAVY SEDERBERG AS
REPRESENTATIVE OF THE ESTATE OF
MONYKA NOP, Appellant

No. 05-11-01275-CV        V.

IDS PROPERTY CASUALTY
INSURANCE COMPANY &
AMERIPRISE, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-02501-I

Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee IDS PROPERTY CASUALTY INSURANCE COMPANY & AMERIPRISE recover its costs of this appeal from appellant THEAVY SEDERBERG AS REPRESENTATIVE OF THE ESTATE OF MONYKA NOP.

Judgment entered this 17th day of April, 2013.


/Lana Myers/

LANA MYERS
JUSTICE